UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA LISSETH CABALLERO CUMPA, <br><br> Plaintiff, <br><br> v. <br><br> THE BOLIVARIAN REPUBLIC OF VENEZUELA <br><br> Defendant. | Civil Case No.: 25-cv-10332 <br><br> **COMPLAINT** |

Plaintiff, Diana Lisseth Caballero Cumpa ("Ms. Cumpa"), by and through undersigned counsel, brings this action against the Bolivarian Republic of Venezuela ("Venezuela" or the "Republic") for breach of contract arising from Venezuela's failure to pay the principal amounts due, and, with respect to one bond, the associated interest, on three bearer bonds issued by the Republic, all of which have matured and remain unpaid. In support of this Complaint, Ms. Cumpa alleges as follows:

**NATURE OF ACTION**

1.      This is an action to recover amounts due under three bearer bonds issued by Venezuela in the 1990s. Ms. Cumpa is the lawful holder of these original instruments, each of which entitles her to payment of a fixed principal amount of USD $25 million. One of the three bonds also provides for interest at an annual rate of 13.625%. All three bonds have reached maturity, yet Venezuela has failed to satisfy its unconditional payment obligations.

2.      The bonds were issued pursuant to Decree No. 1.307 (November 28, 1990) and Decree No. 2.576 (July 1, 1998), under which Venezuela authorized the issuance of sovereign debt instruments payable in U.S. dollars and governed by New York law. The bonds, duly issued by Venezuela's Central Bank (*Banco Central de Venezuela*), expressly designate New York as a

forum for enforcement and, consistent with contemporaneous Venezuelan bond issuances, constitute commercial activity within the meaning of the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. § 1605(a)(2).  Courts in this District have repeatedly exercised jurisdiction over similar Venezuelan bond actions on that basis.

3.      Despite the passage of multiple years since their respective maturity dates, Venezuela has made no payment of the principal or, where applicable, the interest due under these instruments.  Ms. Cumpa therefore brings this action to recover the amounts owed to her under the bonds, together with pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## THE PARTIES

4.      Plaintiff, Diana Lisseth Caballero Cumpa, is a natural person, citizen and national of the Republic of Peru who currently resides in Ecuador.  Ms. Cumpa is the lawful owner and holder of the three bearer bonds issued by Venezuela and is thus entitled to payment under them.

5.      Defendant, the Bolivarian Republic of Venezuela, is a foreign state within the meaning of the FSIA, 28 U.S.C. § 1603(a)–(b).  Venezuela issues sovereign debt instruments in the international markets and maintains commercial activities within the United States, including by designating New York as a forum for the issuance and enforcement of its debt obligations.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1330(a) and 1605(a)(1)–(2).  Venezuela, a "foreign state" as defined in 28 U.S.C. § 1603(a), is not entitled to immunity under the FSIA's commercial activity exception, which applies where an action is based upon a foreign state's commercial conduct in the United States or acts that cause a direct effect in the United States.  The bonds at issue were issued by Venezuela as sovereign debt

instruments payable in U.S. dollars, governed by New York law, and expressly designating New York as a forum for enforcement. Venezuela's issuance and subsequent default on these obligations constitute commercial activity having a direct effect in the United States within the meaning of § 1605(a)(2).

7.      Jurisdiction is also proper under 28 U.S.C. § 1605(a)(1), as Venezuela has expressly waived its sovereign immunity in connection with disputes arising from or relating to the subject bonds. Courts in this District have repeatedly found that Venezuela's contemporaneous bond issuances contain explicit and effective waivers of immunity, and have exercised jurisdiction over similar actions involving substantially identical bond instruments.

8.      Venue is proper in this District under 28 U.S.C. § 1391(f)(1), (3), and (4) because this action is brought against a foreign state and because a substantial part of the events or omissions giving rise to the claim occurred in this District. The bonds were made payable in United States dollars, and expressly designate this jurisdiction as the forum for enforcement of Venezuela's payment obligations.

## FACTUAL BACKGROUND

### The Unpaid Bonds at Issue

9.      In the 1990s, Venezuela issued multiple series of external sovereign bonds pursuant to Decree No. 1,307, dated November 28, 1990, and Decree No. 2,576, dated July 1, 1998. These decrees authorized the issuance of debt obligations denominated in United States dollars, payable abroad, and subject to New York law for purposes of enforcement.

10.      The bonds at issue in this action were issued pursuant to both Decree No. 1,307 and Decree No. 2,576. Each bond is a bearer instrument, payable upon maturity to the lawful holder thereof. The instruments embody Venezuela's unconditional promise to pay a fixed principal

3

amount on the stated maturity date and, as to one of the bonds, to pay interest at the specified

annual rate until maturity.

11.     Specifically, the three bonds that Ms. Cumpa currently owns and seeks to enforce

through this action are as follows:

- **Bond No. A-989**, issued September 15, 1998 (Series 0015/0020), with a maturity date of September 14, 2018;

- **Bond No. A-0927**, issued December 13, 1990 (Series 07/01), with a maturity date of March 31, 2020; and

- **Bond No. C-0927**, issued December 13, 1990 (Series 09/04), with a maturity date of March 31, 2020.

12.     Each bond has a face amount of USD $25,000,000.  The 1998 bond (No. A-989)

provides for interest at 13.625% per annum until maturity.  The 1990 bonds (Nos. A-0927 and C-

0927) require payment of principal in full at maturity without periodic interest.

13.     Consistent with contemporaneous Venezuelan issuances and as reflected on the

face of these instruments, payments are to be made in U.S. dollars, the obligations are subject to

New York law, and New York is designated as the forum for enforcement of Venezuela's payment

obligations.

## Ms. Cumpa's Ownership of the Bonds

14.     Ms. Cumpa is the lawful owner and holder of the three bearer bonds identified

above.  She acquired them through a series of legitimate commercial transactions for valuable

consideration involving the transfer of interests and investments in a Peruvian mining enterprise

originally known as *Estrella del Norte* and later operating as *Cóndor Sur* and *Corporación Grupo

Andino Sur Inc*.

15.     These transactions, which took place between 2003 and 2014, were formalized

through public instruments duly executed before competent authorities in Peru and Ecuador.  The

instruments document the conveyance of the bonds as part of capital contributions and asset transfers related to the mining business and its subsequent corporate reorganization.

16.     Through these valid commercial transactions, Ms. Cumpa succeeded to ownership of the three bonds and has since maintained continuous possession and control over them.  No other person or entity has asserted, or is known to assert, any competing claim to the bonds or to the payments owed under them.

**Venezuela's Default and Continuing Nonpayment**

17.     Each of the three bonds matured on its stated due date: September 14, 2018, for Bond No. A-989, and March 31, 2020, for Bonds A-0927 and C-0927.  Upon maturity, Venezuela became unconditionally obligated to pay the full principal amounts, and, in the case of Bond A-989, the accrued interest at the contractual rate of 13.625% per annum.

18.     Upon maturity, and in accordance with the terms governing the bonds, Ms. Cumpa made formal demand for payment to Venezuela, but Venezuela failed to remit any sums due.

19.     Despite the passage of several years since those maturity dates, Venezuela has failed to make any payments of principal or interest on the bonds.  Venezuela has not tendered payment to Ms. Cumpa, nor has it provided any notice of suspension, restructuring, or cancellation of the obligations.[1]

20.     Venezuela's nonpayment constitutes a clear breach of its contractual obligations under the terms of the bonds.

21.     Venezuela's continuing default has deprived Ms. Cumpa of the amounts due to her and left the instruments wholly unpaid and outstanding.

---

[1] Instead, on August 8, 2023, the National Assembly of Venezuela—recognized by the United States Government as the country's legitimate legislative authority—issued a formal resolution suspending and deferring, through December 31, 2028, all prescription or statute of limitations periods applicable under New York law to bonds issued by Venezuela.

22.     As of the filing of this action, the full principal amount of USD $75,000,000, together with contractual and statutory interest, remains due and owing from Venezuela to Ms. Cumpa.

## COUNT I
### (Breach of Contract)

23.     Ms. Cumpa repeats and realleges paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Each of the three bearer bonds identified above constitutes a valid and binding contractual obligation of the Bolivarian Republic of Venezuela, issued for lawful consideration and providing for payment of specific principal sums—and, in the case of Bond No. A-989, accrued interest—on the respective maturity dates.

25.     Under the express terms of the bonds, Venezuela became unconditionally obligated to pay the amounts due upon maturity in United States dollars, without setoff or deduction.

26.     Ms. Cumpa, as the lawful owner and holder of the bonds, has satisfied all conditions precedent to enforcement and is entitled to payment in full of the principal and, where applicable, the contractual interest.

27.     Venezuela has failed to make any payment of principal or interest due under the bonds despite Ms. Cumpa's demand and the passage of years since the respective maturity dates.

28.     Venezuela's failure and refusal to pay constitute a breach of its contractual obligations under the terms of the bonds.

29.     As a direct and proximate result of Venezuela's breach, Ms. Cumpa has suffered damages in the total principal amount of USD $75,000,000, together with contractual interest on Bond No. A-989, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Diana Lisseth Caballero Cumpa respectfully requests that the Court enter judgment in her favor and against Defendant the Bolivarian Republic of Venezuela, and award the following relief:

i.      Awarding damages in the total principal amount of USD $75,000,000, representing the aggregate face value of the three bearer bonds issued by Venezuela;

ii.     Contractual interest on Bond No. A-989 at the annual rate of 13.625% from the date of issuance, September 15, 1998, through its maturity on September 14, 2018;

iii.    Pre-judgment interest under the applicable law on all unpaid amounts from each bond's maturity date through the date of judgment;

iv.     Post-judgment interest at the statutory rate, from the date of judgment until payment in full;

v.      Reasonable attorneys' fees and costs incurred in connection with this action; and

vi.     Such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

Dated: December 12, 2025          By: /s/ Francisco A. Rodriguez
      New York, New York                  Francisco A. Rodriguez
                                          Andrea Charles
                                          REED SMITH LLP
                                          599 Lexington Avenue
                                          New York, NY 10022
                                          Telephone: (212) 521-5400
                                          Facsimile: (212) 521-5450
                                          frodriguez@reedsmith.com

                                          *Attorneys for Plaintiff Diana Lisseth*
                                          *Caballero Cumpa*